# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBIN DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>  Defendant. | Case No. 1:20-cv-01127 |

## JOINT RULE 26(f) REPORT (FORM)

**1.** Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held on April 29, 2021 via telephone and was attended by Christopher Oxx of Parker Waichman, LLP for Plaintiff Robin Davis, and Grant Hollingsworth of Hollingsworth, LLP for Defendant Novartis Pharmaceutical Corporation ("NPC").

**2.** **Discovery Plan**. The parties propose to the Court the following discovery plan upon entry of this Order:

  **a.** Discovery will be needed on the following subjects: (brief descriptions).

  **i.** *Plaintiff*

At this time Plaintiff anticipates she will request discovery into NPC's conduct surrounding the following areas as they relate to Tasigna®, from the time

1

NPC began research and development on Tasigna® to the present, along with any additional areas of discovery that may be revealed as the case progresses:

  a. Licensing;
  b. Research & Development;
  c. Patents;
  d. Preclinical Development;
  e. Clinical Development;
  f. Medical Affairs;
  g. Medical Coding;
  h. Pharmacovigilance/Drug Safety;
  i. Health Insurance Reimbursement;
  j. Life Cycle Management;
  k. Marketing;
  l. Labeling;
  m. Market Research;
  n. Sales and Sales Training;
  o. Key Opinion Leaders and/or Speakers' Bureaus;
  p. Budgeting; and
  q. Regulatory or compliance functions, including those related to the FDA and other foreign regulatory bodies.

The Court should be aware there are 19 cases currently pending in several Federal Districts across the United States, and 130+ cases pending in New Jersey State Court. At this time there is an application pending before the Judicial Panel on Multidistrict Litigation to coordinate the federal cases and an application pending before the New Jersey Supreme Court for the creation of a Multicounty Litigation. Regardless of the outcome of the applications, discovery will be coordinated, in some fashion, among the filed cases.

  **ii.** *NPC*

NPC will, among other things, seek discovery on:

- Plaintiff's medical condition, pre-existing medical conditions, family medical history, and risk factors for cardiovascular events;

- Plaintiff's alleged injuries and damages, including in the form of tax, employment, and social media records;

- Plaintiff's and prescribing physicians' knowledge of CML, Tasigna®, cardiovascular events, and all information obtained regarding the same; and

- The opinions of plaintiff's designated expert witnesses.

Discovery in this case includes the need to obtain copies of medical records from plaintiff's healthcare providers. NPC will, among other things, request medical records and depositions of plaintiff's healthcare providers. Given the allegations concerning his complicated health status, there will be a large number of providers relevant to both her cancer treatment and his treatments for his vascular disease. NPC has not yet obtained copies of plaintiff's medical records, and NPC cannot tell at this stage how voluminous these medical records will be, as to the providers whose records will be relevant and will need to be collected. NPC will also seek discovery to identify and depose additional witnesses and documents relevant to plaintiff's damages claims.

  **b.** Discovery shall be placed on a case-management track established in LR 26.1.

3

The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as **Exceptional**.

The date for the completion of all discovery (general and expert) is: **March 4, 2022.**

Stipulated modifications to the case management track include:

- The parties agree that the presumptive limit of 10 depositions applies only to fact witnesses and that depositions of the parties' designated experts should not count toward the parties' limits. Plaintiff anticipates that, given the complex nature of this case, more than 10 fact depositions may be necessary. The parties reserve their right to seek additional fact depositions by agreement of the parties or by Court order.

- Time limitations of Rule 30(d)(1) will not apply to depositions of expert witnesses and any deposition noticed or taken as a *de bene esse* or for trial deposition.

- All deadlines within the Scheduling Order may be modified by agreement of the parties, so long as the modifications do not affect the dispositive motions deadline and/or trial date.

- Initial Rule 26(a)(1) Disclosures shall be filed within 45 days of the entry of the Pre Trial Scheduling Order.

- Fact/damages witness depositions may be taken outside the discovery period by agreement of the parties but must be taken at least 3 weeks in advance of trial.

- Parties consent to service by e-mail except as to anything to be filed on the docket or when personal service or service by registered mail is required by LR 83.10j.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

From Plaintiff(s) by: **December 6, 2021.**

From Defendant(s) by: **January 7, 2022.**

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

**3. Mediation**

Mediation should be conducted **late** in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be **Rene Stemple Trehy**.

**4. Preliminary Deposition Schedule**. Preliminarily, the parties agree to the following schedule for depositions:

a. Deposition of all parties and fact witnesses shall be completed by: **November 5, 2021.**

b. Deposition of Plaintiff's Experts shall be completed by: **February 4, 2022.**

c. Deposition of Defendant's Experts shall be completed by: **March 4, 2022.**

The parties will update this schedule at reasonable intervals.

**5.     Other items**.

Plaintiff(s) should be allowed until **October 4, 2021** to request leave to join additional parties or amend pleadings.

Defendant(s) should be allowed until **November 4, 2021** to request leave to join additional parties or amend pleadings.

After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master: **DO NOT CONSENT.**

Trial of the action is expected to take approximately **10 to 15** days. A jury trial **has** been demanded. The parties expect this case to ready for trial on or after **July 18, 2022**.

LR 5.5      REPORT FOR THE FILING OF SEALED DOCUMENT

[x] Conference: The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

[x] Other relevant information: The parties will comply with LR 5.4 in the event a motion to file under seal is appropriate.

Dated: May 14, 2021

Respectfully submitted,

| | |
|---|---|
| By: */s/ Brian A. Buchanan* | By: /s/ Kelly B. Jones |
| Brian A. Buchanan | Kelly B. Jones N.C. Bar No. 24328 |
| State Bar No.: 17342 | Email: kjones@nexsenpruet.com |
| 535 College Street | Caitlin A. Mitchell N.C. Bar 53050 |
| Asheville, NC 28801 | Email: cmitchell@nexsenpruet.com |
| Tel: (828) 251-0800 | **NEXSEN PRUET, PLLC** |
| Fax: (828) 210-0178 | 4141 Parklake Ave., Suite 200 |
| Email: buchanan@gtalaw.net | Raleigh, NC 27612 |
| | Telephone: 919-882-7870 |
| Raymond C. Silverman | Facsimile: 919-573-7455 |
| (*Pro Hac Vice forthcoming*) | |
| **PARKER WAICHMAN LLP** | Marguerite S. Willis N.C. Bar No. 8045 |
| 6 Harbor Park Dr. | Email: mwillis@nexsenpruet.com |
| Port Washington, NY 11050 | Susan P. McWilliams S.C. Bar No. 3918 |
| Telephone: 516-466-6500 | Email: smcwilliams@nexsenpruet.com |
| Facsimile: 516-466-6665 | **NEXSEN PRUET, LLC** |
| rsilverman@yourlawyer.com | 1230 Main Street, Suite 700 |
| | Columbia, SC 29201 |
| *Attorneys for Plaintiff* | Telephone: 803-253-8821 |
| | Facsimile: 803-727-1476 |

Grant W. Hollingsworth (*Pro Hac Vice forthcoming*)
Hollingsworth LLP
ghollingsworth@Hollingsworthllp.com
1350 I Street Northwest
Washington, District of Columbia 20005
(202) 898-5800

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*