UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBIN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20CV1127 |
| | ) |
| NOVARTIS PHARMACEUTICALS | ) |
| CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on several pretrial motions. First, the Parties have filed a Joint Local Rule 5.5 Report [Doc. #17] regarding the filing of sealed documents. The Court will adopt the Parties' proposal and notes that for any sealed filing, the Parties must fully comply with the procedures of Local Rule 5.4(c). If the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

The Parties have also attached a proposed Confidentiality and Protective Order [Doc. #17-1]. The Court adopts the Confidentiality and Protective Order as proposed, as supplemented by the Court's Supplemental Protective Order filed contemporaneously herewith.

In addition, the Parties have also filed a Motion [Doc. #18] for an Order pursuant to Fed. R. Evid. 502(d). The Court will grant that request and adopts that agreement as proposed. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information"). The disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

Finally, Plaintiff has filed a Motion to Stay [Doc. #20], seeking to stay discovery for 60 days pending a hearing of the Judicial Panel on Multidistrict Litigation scheduled for July 29, 2021, on a request to transfer this case and consolidate it with 19 related proceedings in an MDL. Defendants oppose the stay, and argue that the possibility of an MDL does not justify a complete stay of all discovery, particularly case-specific discovery that will need to proceed in any event. In considering this dispute, the Court notes that the primary rationale raised by Plaintiff in support of a stay is concern over a need to resolve a discovery dispute related to

Defendant Novartis's document production. Plaintiff notes that similar disputes regarding Novartis' document production exist in multiple pending cases, that this Court would be tasked with resolving a discovery dispute that might be disposed of by a single forum should the Panel consolidate the cases, and that proceeding now could result in prejudice in light of potentially conflicting rulings in other courts. In light of the particular concerns raised by Plaintiff, the Court will grant the stay in part, and will allow Plaintiff until September 3, 2021 to file a motion to compel regarding this document production dispute. This extended deadline will allow Plaintiff the requested 60-day period for the MDL determination before the Court proceeds to consideration of the Novartis document production dispute. However, it does not appear necessary to stay all other discovery in this case based only on the possibility that the request for an MDL may be granted. Indeed, based on the information presently before the Court, it appears that there is case-specific discovery which could proceed, which will need to be undertaken in any event, and which would not be affected by the document production dispute and related issues raised by Plaintiff. Therefore, the Court will not issue a blanket stay of all other discovery. However, if Defendant seeks discovery that would be affected by the disputed document production, or if Plaintiff contends that the document production dispute must be resolved before particular discovery can proceed, Plaintiff may further address those issues in a Motion for Protective Order or in response to a Motion to Compel, as may be appropriate as to specific discovery requests if the Parties are unable to agree. The Court concludes that this approach appropriately balances the interests of judicial economy, and the equities and concerns raised by Plaintiff if the case is not stayed, while

minimizing the potential prejudice to Defendant by avoiding a blanket stay and allowing case-specific discovery to proceed as appropriate.

IT IS THEREFORE ORDERED that the Joint Local Rule 5.5 Report [Doc. #17] is adopted as further set out herein, and that the Confidentiality and Protective Order [Doc. #17-1] is adopted as supplemented by the Stipulated Protective Order filed contemporaneously herewith.

IT IS FURTHER ORDERED that the Motion for a Rule 502(d) Order [Doc. #18] is GRANTED and the Parties' proposal is adopted as set out above, and the attorney-client privilege and/or work-production protection applicable to any written or electronic documents or communications produced in discovery in this matter is not waived by any production or disclosure that occurs in the context of the pending litigation before this Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay [Doc. #20] is GRANTED IN PART, and Plaintiff have until September 3, 2021 to file any motion to compel regarding the Novartis document production disputes discussed in the briefing. Other case-specific discovery may proceed, but if Defendant seeks discovery that would be affected by the disputed document production, or if Plaintiff contends that the document production issue must be resolved before particular discovery can proceed, Plaintiff may further address those issues in a Motion for Protective Order or in response to a Motion to Compel as to specific discovery requests if the Parties are unable to agree.

This, the 22nd day of July, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
